**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---

FIRST TIME VIDEOS, LLC,

      Plaintiff,

VS.

DOES 1-114,

      Defendants.

CASE NO.  4:11-cv-03041

Judge Harmon

---

## MOTION TO QUASH

COMES NOW DOE designated by IP Address 98.194.136.244 and states as follows:

      1.     Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), Doe designated by IP Address 98.194.136.244 ("Defendant Doe") files this Motion to Quash Subpoena (the "Motion") served upon Custodian of Records, Comcast Cable Holdings, LLC ("Comcast"), because Defendant DOE has been misjoined to this lawsuit, Defendant Doe must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information, Defendant Doe's anonymous speech is privileged and protected by the First Amendment, and the Subpoena seeks irrelevant information.

      2.     First Time sued Defendant Doe, and 113 other defendants, for allegedly reproducing and distributing an adult video owned by First Time.  As conceded by First Time in paragraph 4 of its Complaint, "Defendants' actual names are unknown to Plaintiff.  Instead, each Defendant is known to Plaintiff only by an Internet Protocol address ('IP address') . . . ."

      3.     Defendant Doe is a resident of Texas.  Comcast is an internet service provider that provides internet service to customers, including Defendant Doe.  First Time is a producer of adult

content media.  First Time subpoenaed Comcast ("the Subpoena") to compel disclosure of Defendant Doe's address, telephone number, e-mail address, and Media Access Control Address so that First Time can name Defendant Doe in its copyright infringement action.  A true and correct copy of the Subpoena is attached as Exhibit "A."

4.     First time alleges that Defendant Doe conspired with the other 113 Does "in a concerted action" to infringe the copyright of an adult video owned by First Time.  First Time alleges that Defendant Doe partook in the conspiracy on May 3, 2011, at 7:14 A.M.

5.     Defendant DOE lives in a large, densely populated complex and connects to the internet via a modem and wireless router.

6.     Defendant DOE has standing to move to quash the subpoena because (1) Defendant DOE has been misjoined to this lawsuit, (2) Defendant DOE must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information, (3) Defendant Doe's anonymous speech is privileged and protected by the First Amendment, and (4) the Subpoena seeks irrelevant information.  Federal Rule of Civil Procedure 45(c)(3)(B) permits a person affected by, but not subject to, a subpoena to move to quash the subpoena.

7.     According to the docket sheet for this lawsuit, not a single defendant has been identified, served with process, or answered.  Thus, at this moment, the U.S. District Court for the Southern District of Texas lacks personal jurisdiction over any of the Does, including Defendant Doe.

## I. Misjoinder

8.      The Subpoena should be quashed because the Does have been misjoined.  The matter before this Court does not exist in a vacuum, and is merely one of the more recent attempts by a media producer plaintiff alleging copyright infringement to improperly attempt to join hundreds, and sometimes thousands, of unnamed defendants in the same lawsuit.

9.      Federal Rule of Civil Procedure 20 sets forth specific standards for permissive joinder.  Rule 20 provides that defendants may be joined in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and

> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2) (emphasis added).  "[M]erely committing the same type of violation in the same way does not link defendants together for the purposes of joinder."  *LaFace Records v. Does 1–38*, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27, 2008).  Although a court may not dismiss an entire action on grounds of misjoinder, it is common for courts to dismiss the misjoined defendants individually, even in the hundreds or thousands.  *See On the Cheap, LLC v. Does 1–5011*, 2011 WL 4018258 at *5 (N.D. Cal. Sept. 6, 2011) (5,010 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit); *Diabolic Video Productions, Inc. v. Does 1-2099*, 2011 WL 3100404 at *5 (N.D. Cal. May 31, 2011) (2,098 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit); *Hard Drive Production, Inc. v.Does 1–188*, 2011 WL 3740473 at *15 (N.D. Cal. Aug. 23, 2011) (187 defendants dismissed for improper joinder in pornographic BitTorrent copyright infringement suit); *Pacific Century Int'l Ltd. v. Does 100–101*, 2011 WL 2690142 at *4 (N.D. Cal. July 8, 2011) (100 defendants dismissed for improper

joinder in pornographic BitTorrent copyright infringement suit).  "IP subscribers are not necessarily copyright infringers."  *VPR Inernationale v. Does 1–1017*, No. 11-2068, at 2 (C.D. Ill. Apr. 29, 2011).

10.     Because Defendant Doe wishes to avoid making an appearance in this matter, he/she is not moving for dismissal or severance, but urges this Court to take whatever action it deems necessary in light of the misjoinder.

11.     Here, the joinder of the 114 unique Does that have been haphazardly penned into this lawsuit is improper because the joinder fails to satisfy the requirement that defendants' alleged misdeeds arose out of the same transaction, occurrence, or series of transactions or occurrences. FED. R. CIV. P. 20(a)(2).  First Time devotes substantial pages in its Complaint to explaining how BitTorrent allegedly is discrete from other P2P networks based on a user's membership in a "swarm," or collective uploading and downloading group.  In its motion for leave to take expedited discovery, First Time attaches the declaration of Peter Hansmeier, a self-declared "technician" who attempts to show how BitTorrent protocol differs from other P2P networks.  But First Time's anticipatory attempt to defend an attack on its joinder is unavailing.  Even if First Time's depiction of swarm membership is accurate, and even assuming the defendants committed the alleged infringement, "the only commonality between copyright [BitTorrent swarm] infringers of the same work is that each 'commit[ted] the exact same violation of the law in exactly the same way.'" *Pacific Century Int'l Ltd.*, 2011 WL 2690142 at *4 (citing *LaFace Records*, 2008 WL 544992, at *2).  Committing the same violation in the same way as other defendants is insufficient to justify joinder. *LaFace Records*, 2008 WL 544992, at *2.

12.     The court's reasoning in *Hard Drive Productions, Inc.*, is persuasive, and provides:

> [E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses acted in concert with all of the others.  In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.  In this age of instant digital gratification, it is difficult to imagine, let alone believe, that an alleged infringer of their copyrighted work would patiently wait six weeks to collect the bits of the work necessary to watch the work as a whole.  At the very least, there is no proof that bits from each of these addresses were ever assembled into a single swarm. . . .  Finally, nothing in the BitTorrent architecture changes the fact that each defendant also will likely have a different defense.

*Hard Drive Production, Inc.*, 2011 WL 3740473 at *13.  The court in *Hard Drive* emphasizes the "six-week span covering" the alleged infringement, and the improbability of "common activity" accompanying such a lengthy period.  Here, the alleged infringement spanned more than a twelve-week period—twice that in *Hard Drive*.  First Time offers no explanation for how Defendant Doe, and his/her 113 other co-defendants, could have worked in concert when the alleged infringement occurred on separate days.  Moreover, courts have consistently rejected Hansmeier's declaration, which proliferates as an exhibit within similar lawsuits.  *See, e.g. Hard Drive Productions, Inc.*, 2011 WL 3740473 at *14 ("Further, although Hansmeier states [in his declaration] that he 'collected data on the peers in the swarm' . . . the exhibit attached to the complaint reflects that the activity of the different IP addresses occurred on different days and times over a two-week period."); *Hard Drive Production*s v. *Does 1–53*, 2011 WL 2837399 at *1 (N.D. Cal. July 14, 2011) ("Based on Plaintiff's revised ex parte application and the revised declaration of Peter Hansmeier in support . . . Plaintiff still has not established that the complaint could survive a motion to dismiss  based on improper joinder . . . .").

13.     Moreover, this Court also should recognize the reality that each DOE will have unique factual circumstances, which in turn will generate unique legal defenses.  As the United States District Court for the Eastern District of Pennsylvania noted:  "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff' works. . . .  Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants." *BMG Music v. Does 1–203*, No. 04-0650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (denying plaintiff's motion to reconsider court's dismissal of 200 Does for misjoinder—plaintiff urged the court to postpone joinder decision until after the identity of the Does could be ascertained, but the court found that this postponement would be inappropriate considering the obvious misjoinder).

### Discretionary Severance

14.     Even if joinder of the Doe Defendants in this matter met the requirements of Rule 20a of the Federal Rules of Civil Procedure, "a Court may exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice."  *Hard Drive Production, Inc.*, 2011 WL 3740473 at *14.

15.     Because the defendants' alleged misdeeds in this matter do not arise out of the same transaction, occurrence, or series of transactions or occurrences, the defendants have been misjoined. FED. R. CIV. P. 20(a)(2)(A); *On the Cheap, LLC*, 2011 WL 4018258 at *5; *Diabolic Video Productions, Inc.*, 2011 WL 3100404 at *5; *Hard Drive Production, Inc.*, 2011 WL 3740473 at *15; *Pacific Century Int'l Ltd.*, 2011 WL 2690142 at *4.  This Court's action on the misjoinder should not be postponed pending revelation of the identity of the Does.  *BMG Music*, No. 2004 WL 953888, at *1.

## II.  Annoyance, Embarrassment, Oppression, and Undue Burden and Expense

16.     The Subpoena also should be quashed because Defendant Doe must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information.  *See* FED. R. CIV. P.  45(c)(3)(A)(iv).

17.     Rule 26(c) of the Federal Rules of Civil Procedure "authorizes a district court to modify or even quash a subpoena in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002).  In an order denying certification for interlocutory review of the court's denial of plaintiff's motion for expedited discovery ("the Order"), the United States District Court for the Central District of Illinois notes:

> The ISPs include a number of universities . . . as well as corporations and utility companies.  Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . .  The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

Order of Apr. 29, 2011, *VPR Internationale v. Does 1–1017*, No. 2:11-cv-02068 (Central Dist. of Illinois), a true and correct copy of which is attached hereto as Exhibit "B."  Like the ISPs mentioned in the order in *VPR Internationale*, the ISPs in the Complaint in this matter include Texas's largest university and many corporations and utility companies.  Additionally, Defendant Doe lives in a large, populous apartment complex, where an infringer could be anyone on his/her floor or even floors above and below.

The Order also provides:

> Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."  Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  *The embarrassment of public exposure might be too great*, the legal system too

daunting and expensive, for some to ask whether [the plaintiff] has competent evidence to prove its case.

Exhibit "B," (emphasis added).   Here, First Time is utilizing the Subpoena "to wrest quick settlements" from people who "have done nothing wrong[.]"  *Id.*  First Time asserts the Does partook in a conspiracy and engaged in "concerted action" to infringe First Time's adult video, yet First Time offers no evidence of any communication between the Does, that the Does knew each other, or even that the Does were aware of their alleged "conspirators'" existence.   Because of the annoyance, embarrassment, oppression, and undue burden and expense associated with the revealing of Defendant Doe's personal information, the Subpoena must be quashed.

### III. The Subpoena Requires Disclosure of Privileged and Protected Matter

18.     So, too, should the Subpoena be quashed because Defendant Doe's anonymous speech is privileged and protected by the First Amendment.  *See* FED. R. CIV. P.  45(c)(3)(A)(iii).

19.     The decision to remain anonymous "is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). This fundamental right applies to a variety of contexts including an anonymous political leaflet, an Internet message board, or a video-sharing site. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to the Internet); *see also, e.g., Doe v. 2themart.com, Inc.*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) (the Internet promotes the "free exchange of ideas" because people can easily engage in such exchanges anonymously).   Moreover, the First Amendment protects anonymous publication of expressive works on the Internet, even if the publication is alleged to infringe copyrights. *See Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("[T]he use of P2P file copying networks to download, distribute or make sound recordings available qualifies as speech

entitled to First Amendment protection."); *see also, e.g., Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *UMG Recordings, Inc. v. Does 1–4,* No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006); *In re Verizon Inernet Servs. Inc.*, 257 F. Supp. 2d 244, 260 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003).   Attempts to pierce anonymity are subject to a qualified privilege that a court must consider before authorizing discovery. *See, e.g., Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977) ("[W]hen the subject of a discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test before ordering disclosure.").

20.     According to the balancing test articulated in *Dendrite Int'l, Inc. v. Doe No. 3*, a court must "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed."  *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 760–61 (N.J. App. 2001).  As demonstrated throughout this Motion, First Time's prima facie case for copyright infringement is weak, because it can neither link infringement to the individual Does nor show that the Does conspired to infringe First Time's copyrighted media.  Accordingly, the *Dendrite* balancing test weighs in favor of Defendant Doe, and this Motion should be granted.  *Id.*

### IV.  The Subpoena Seeks Irrelevant Information

21.     The Subpoena also should be quashed because the information sought is irrelevant to First Time's lawsuit.  The reach of a subpoena issued pursuant to Federal Rule of Civil Procedure 45 is restricted to the general relevancy standard applicable to discovery under Federal Rule of Civil Procedure 26(b)(1).  *Eisermann v. Greene*, 1998 WL 164821, at *2 (S.D.N.Y. 1998) (granting

motion to quash on ground that requested information was of "doubtful and tangential relevance");
*Cofield v. City of LaGrange*, 913 F. Supp. 608, 614 (D.D.C. 1996) (court has authority to enforce
broad relevancy standard against subpoena under Federal Rule of Civil Procedure 26(b))); *Sierra
Rutile Limited v. Katz*, 1994 WL 185751, at *3 (S.D.N.Y. 1994) (*accord*).

22.     Here, as in *Eisermann*, the information First Time seeks is of "doubtful and
tangential relevance." *Eisermann*, 1998 WL 164821 at *2.  The information sought by First Time
in the Subpoena is irrelevant because First Time can neither link infringement to the individual Does
nor show that the Does conspired to infringe First Time's copyrighted media.  Accordingly, the
Subpoena must be quashed.  *Id.*

## V.  Conclusion

Defendant Doe has established that he/she has been misjoined to this lawsuit; that he/she
must be protected from the annoyance, embarrassment, oppression, and undue burden and expense
associated with revealing his/her personal information; that his/her anonymous speech is privileged
and protected by the First Amendment; and that the Subpoena seeks irrelevant information.  For
these reasons, Defendant Doe moves this Court to quash the Subpoena.

Respectfully submitted,
WARD LAW FIRM

By:     /s/ Peter S. Poland
        David A. Ward, Jr.
        SBN 00785177
        Peter S. Poland
        SBN 24048735
        Parkwood One
        10077 Grogan's Mill Road, Suite 450
        The Woodlands, Texas 77380
        Telephone:  281-362-7728
        Facsimile:  281-362-7743
ATTORNEYS FOR DEFENDANT DOE

Z:\3842\0001 Comcast Subpoena\pleadings\motion to quash.wpd

**CERTIFICATE OF SERVICE**

I, Peter S. Poland, counsel for Defendant Doe (IP Address 98.194.136.244), hereby certify that I have this 2nd day of December, 2011, filed the foregoing pleading in the United States District Court for the Southern District of Texas via the Court's ECF system which sent notification of such filing to the following:

Douglas M. McIntyre
Douglas M. McIntyre & Associates
720 North Post Oak Road, Suite 610
Houston, Texas 77024

_____/S/_____
Peter S. Poland